ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
6/22/2026 8:27:19 AM
Clerk of the Superior Court
By K. Villalva Lopez ,Deputy Clerk

Kenneth N. Smersfelt (SBN 166764)
ksmersfelt@crowell.com
Maya Valluru (SBN 366604)
mvalluru@crowell.com
Crowell & Moring LLP
515 South Flower Street, 41st Floor
Los Angeles, CA 90071
Telephone: (213) 622-4750
Facsimile: (213) 622-2690

Beatrice B. Nguyen (SBN 172961)
bbnguyen@crowell.com
Crowell & Moring LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Attorneys for Defendant HEALTHSPRING LIFE & HEALTH INSURANCE COMPANY, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| DANIEL MASTERS on behalf of himself and all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>HEALTHSPRING LIFE & HEALTH INSURANCE COMPANY, INC.,<br><br>Defendant. | Case No. 26CU018876C<br><br>**DEFENDANT HEALTHSPRING LIFE & HEALTH INSURANCE COMPANY, INC.'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Complaint Filed: May 24, 2026 |

Defendant HealthSpring Life & Health Insurance Company, Inc. ("HealthSpring") hereby responds to the First Amended Class Action Complaint (the "Complaint") of Plaintiff Daniel Masters ("Plaintiff") as follows:

**GENERAL DENIAL**

Pursuant to Section 431.30(b) of the California Code of Civil Procedure, HealthSpring generally and specifically denies each and every allegation of the Complaint, express or implied, and each and every cause of action alleged against HealthSpring in the Complaint. HealthSpring further denies that Plaintiff is entitled to any relief whatsoever as against HealthSpring, that Plaintiff has sustained any injury, damage, or loss by reason of any act or omission of HealthSpring, or on the part of any agent or employee of HealthSpring, or that Plaintiff has been damaged in the sum alleged, or in any other sum or sums, or at all.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

As a first and separate affirmative defense to the Complaint, HealthSpring asserts that the Complaint, and each cause of action asserted therein, fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Barred by Agreement)**

As a second and separate affirmative defense to the Complaint, and each and every cause of action therein, HealthSpring asserts that Plaintiff's claims are barred, in whole or in part, by the express terms, conditions, and exclusions of the health plan, or by his failure to comply with any and all plan terms and conditions.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Satisfy Plan Terms)**

As a third and separate affirmative defense to the Complaint, and each and every cause of action therein, HealthSpring asserts and alleges that Plaintiff's claims are barred to the extent that Plaintiff failed to satisfy the terms of the health plan, including, but not limited to, any applicable

reinstatement or re-enrollment criteria.

**FOURTH AFFIRMATIVE DEFENSE**

**(Plaintiff's Responsibility)**

As a fourth and separate affirmative defense to the Complaint, and each and every cause of action therein, HealthSpring asserts that Plaintiff's alleged injuries or damages, if any, were proximately caused by his acts, omissions, negligence, neglect, or other wrongful or unlawful acts, and that Plaintiff is barred from recovery thereon.

**FIFTH AFFIRMATIVE DEFENSE**

**(Contractual Compliance)**

As a fifth and separate affirmative defense to the Complaint, and each and every cause of action therein, HealthSpring asserts and alleges that Plaintiff's claims are barred because, to the extent HealthSpring took any of the actions alleged, those actions were taken in full compliance with the terms and conditions of the health plan.

**SIXTH AFFIRMATIVE DEFENSE**

**(Justification)**

As a sixth and separate affirmative defense to the Complaint, and each and every cause of action therein, HealthSpring asserts and alleges that its actions were undertaken in good faith, justified by legitimate business purposes and reasons, and with the absence of malicious intent to injure Plaintiff, and constituted lawful, proper, and justified conduct.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Compliance with Laws and Regulations)**

As a seventh and separate affirmative defense to the Complaint, and each and every cause of action therein, HealthSpring asserts and alleges that Plaintiff's claims are barred because HealthSpring's actions, as alleged in the Complaint, complied with all applicable laws and regulations.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

As an eighth and separate affirmative defense to the Complaint, and each and every cause

of action therein, HealthSpring asserts and alleges that any and all of the actions taken by any officer, director, managing agent, employee, representative, and/or agent of HealthSpring were good faith assertions of HealthSpring's rights and were therefore privileged and/or justified.

**NINTH AFFIRMATIVE DEFENSE**

**(Attorneys' Fees)**

As a ninth and separate affirmative defense to the Complaint, and each and every cause of action therein, HealthSpring asserts and alleges that the Complaint does not support an award of attorneys' fees incurred by Plaintiff in the litigation of this action.

**TENTH AFFIRMATIVE DEFENSE**

**(No Entitlement to Punitive Damages)**

As a tenth and separate affirmative defense to the Complaint, and each and every cause of action therein, with respect to Plaintiff's demand for punitive damages, Plaintiff is precluded from recovering punitive damages, in whole or in part, from HealthSpring because HealthSpring at all times acted without oppression, fraudulent intent, or malice.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Limitation on Punitive Damages)**

As an eleventh and separate affirmative defense to the Complaint, and each and every cause of action therein, with respect to Plaintiff's demand for punitive damages, HealthSpring specifically incorporates by reference all statutory and common law standards of limitation regarding the determination and enforceability of punitive damages awards, including, but not limited to, those standards of limitation which arose in *Johnson v. Ford Motor Co.*, 35 Cal. 4th 1191 (2005), *Roby v. McKesson*, 47 Cal. 4th 686 (2009), *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *BMW of North America v. Gore*, 517 U.S. 559 (1996).

**TWELFTH AFFIRMATIVE DEFENSE**

**(Medicare Preemption)**

As a twelfth and separate affirmative defense to the Complaint, and each and every cause of action therein, Plaintiff's common law and state law claims are invalid and barred to the extent

that they are preempted by Medicare.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Non-Certifiable Class)**

As a thirteenth and separate affirmative defense to the Complaint, and each and every cause of action therein, the Complaint does not state facts sufficient to certify a class. Therefore, this action is not properly brought as a class action.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Reservation of Right to Assert Other Defenses)**

As a fourteenth and separate affirmative defense to the Complaint, and each and every cause of action therein, HealthSpring reserves the right to amend this Answer and assert additional affirmative defenses.

**PRAYER FOR RELIEF**

WHEREFORE, HealthSpring demands judgment against Plaintiff as follows:

(1) That the Complaint be dismissed with prejudice;

(2) That Plaintiff takes nothing by way of his Complaint;

(3) That judgment be entered in favor of HealthSpring;

(4) That HealthSpring be awarded its costs of suit; and

(5) For such other and further relief as the Court deems just and proper.

DATED: June 22, 2026

Crowell & Moring LLP

By ______________________________

Kenneth N. Smersfelt
Beatrice B. Nguyen
Mayua Valluru
Attorneys for Defendant HealthSpring Life & Health Insurance Company, Inc.

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is CROWELL & MORING LLP, 515 South Flower Street, Suite 4100, Los Angeles, CA 90071-1514. On June 22, 2026, I served the following document(s) by the method indicated below:

**DEFENDANT HEALTHSPRING LIFE & HEALTH INSURANCE COMPANY, INC.'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT**

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☑ by transmitting via email to the parties at the email addresses listed below:

| | |
|---|---|
| Jack Fitzgerald, Esq.<br>Melanie R. Monroe, Esq.<br>Trevor Flynn, Esq.<br>Kaden Byron, Esq.<br>Allison Ferraro, Esq.<br>Daniel E. Sachs, Esq.<br>**FITZGERALD MONROE FLYNN PC**<br>2341 Jefferson Street, Suite 200<br>San Diego, CA 92110 | *Attorneys for Plaintiff*<br><br>Jfitzgerald@fmfpc.com<br>mmonroe@fmfpc.com<br>tflynn@fmfpc.com<br>kbyron@fmfpc.com<br>aferraro@fmfpc.com<br>dsachs@fmfpc.com<br><br>Tel: 619.215.1741 |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 22, 2026, at Los Angeles, California.

Patricia S. Carr

Patricia S. Carr